UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JERRY PERRY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO.  3:21-cv-192-BJB ) |
| NORTON HOSPITALS, INC., | ) ) |
| Defendant. | ) ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Jerry Perry ("Ms. Perry" or "Plaintiff"), by counsel, brings this action against Defendant, Norton Hospitals, Inc. ("Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.* and the Kentucky Civil Rights Act (KCRA).

**II. PARTIES**

2. Ms. Perry is a resident of Jefferson County in the Commonwealth of Kentucky, who at all times relevant to this action resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant is a domestic corporation that systematically conducts business within the geographical boundaries of the Western District of Kentucky.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; and 42 U.S.C.

§12117.

5. Jurisdiction is conferred on Ms. Perry's state law claims pursuant to 28 U.S.C. §1367 because her state law claims arise from the same common nucleus of operative facts as her federal law claims and all her claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A) and KRS 344.030(2).

7. Ms. Perry is an "employee" as that term is defined by 42 U.S.C. §12111(4) and KRS 344.030(5).

8. Ms. Perry is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12111(8) and/or Defendant knew of Ms. Perry's disability and/or regarded Ms. Perry as being disabled and/or Ms. Perry had a record of being disabled.

9. Ms. Perry satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination. Ms. Perry received the required Notice of Suit Rights and timely files this action.

10. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

### IV. Factual Allegations

11. Ms. Perry was hired by Defendant as an LPN on or about November 7, 1988. In or about 1996, Ms. Perry became a registered nurse. She has served at Audubon Hospital throughout her employment and most recently served in the Surgical Pre-Op l Unit, including frequently serving as the charge nurse.

12. Ms. Perry suffers from a disability as that term is defined by the Americans with Disabilities Act. She has suffered from an Autoimmune Disorder since 2015. Ms. Perry's disability makes her much more vulnerable to the coronavirus that causes COVID-19 infection. Should she contract the infection, her disability puts her at a high risk for serious complications including death.

13. On or about July 20, 2020, Ms. Perry presented to her immediate supervisor a written request from her primary care physician that stated that Ms. Perry needed to wear a N-95 mask while working due to her autoimmune disorder and the corresponding increased threat of COVID-19 for her. It is to be noted that the patients Ms. Perry were interacting with on a continuous basis were not always being tested for the coronavirus prior to their entrance into her care, and thus, she was exposed regularly to people of unknown COVID-19 status. This hospital policy further increased the COVID-19 threat for Ms. Perry.

14. Ms. Perry was able to perform all the essential functions of her position with an N-95 mask.

15. Rather than accommodate Ms. Perry by providing her with a N-95 mask, on July 23, 2020 the Defendant placed her on unpaid administrative leave until she submitted official ADA forms. The Defendant told Ms. Perry that if she did not return

her forms before August 5, 2020, her employment would be terminated.

16. Ms. Perry submitted the requested forms along with documentation from her specialist and her primary care doctor to justify her wearing an N-95 mask due to her disability. The Defendant refused to accept the original set of forms, but would not tell Ms. Perry what was required to make the submission acceptable to them.

17. Ms. Perry offered to buy the masks if Defendant felt that the masks were cost prohibitive for the Norton Hospitals, Inc.  However, the Defendant refused to accept.

18. On August 6, 2020, the Defendant informed Ms. Perry that it would not allow her to wear an N-95 mask, and, as a result, not only could she no longer work in the Surgical Pre-Op Unit at Audubon, but she could also not work anywhere else at Audubon Hospital.

## V.  CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION

19. Ms. Perry hereby incorporates by reference paragraphs one (1) through eighteen (18) as if the same were set forth at length herein.

20. Defendant violated Ms. Perry's rights as protected by the Americans with Disabilities Act, 42 U.S.C. 12101, *et. seq.* and the Kentucky Civil Rights Act by refusing Ms. Perry reasonable accommodations for her disability.

21. By refusing to allow Ms. Perry to wear an N-95 mask and removing her from the Surgical Pre-Op Unit (and the entire hospital), the Defendant failed to accommodate her disability.

22. Defendant's actions were intentional, willful and in reckless disregard of Ms. Perry's rights as protected by the ADA and the KCRA, KRS 344.040.

23. Ms. Perry has suffered damages because of Defendant's actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Jerry Perry, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

2. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

3. Compensatory damages for Defendant's violations of the ADA and KCRA;

4. Punitive damages for Defendant's violation of the ADA;

5. Costs and attorney's fees incurred as a result of bringing this action;

6. Pre- and post-judgement interest on all sums recoverable; and

7. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

s/Andrew Dutkanych III
Andrew Dutkanych III
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff, Jerry Perry*

## DEMAND FOR JURY TRIAL

Plaintiff, Jerry Perry, by counsel, requests a trial by jury on all issues deemed so triable.

>Respectfully submitted,
>
>s/ Andrew Dutkanych III
>Andrew Dutkanych III
>BIESECKER DUTKANYCH & MACER, LLC
>144 North Delaware Street
>Indianapolis, Indiana 46204
>Telephone: (317) 991-4765
>Facsimile: (812) 424-1005
>Email: ad@bdlegal.com
>*Counsel for Plaintiff, Jerry Perry*