UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
Case No. 3:21-cv-00192-RGJ-LLK

JERRY PERRY,                                                    PLAINTIFF,

v.

NORTON HOSPITALS, INC.,                                        DEFENDANT

## ORDER

Judge Rebecca Jennings referred this matter to Magistrate Judge Lanny King for hearing

and determining all pretrial matters, including non-dispositive motions. (DN 4). Plaintiff Jerry

Perry filed a motion to compel discovery on September 2, 2022 (DN 25), to which Defendant

Norton Hospital responded on September 16, 2022 (DN 26), and Plaintiff replied on September

20, 2022. (DN 27). For the following reasons, the Court **GRANTS the motion to compel in**

**part and DENIES the motion to compel in part (DN 25)**.

## PROCEDURAL HISTORY AND BACKGROUND

### Nature of the Case

Plaintiff Jerry Perry began working for Norton HealthCare's Audubon Hospital in 1988

as a licensed practical nurse and continued her employment when she became a registered nurse.

Compl. (DN 1, PageID #2-3). Beginning in March 2020, Norton Healthcare workers wore

surgical masks in the hospital and N-95 masks "under circumstances where there could be

aerosol generating procedures and surgical procedures." Mtn. for Summ. J. (DN 22-1, PageID

#56).  In July 2020, Plaintiff informed her supervisor that she had a health issue and requested to

wear an N-95 mask at all times in the hospital. Compl. (DN 1, PageID #3). The hospital placed

Plaintiff on administrative leave to complete the corresponding Americans with Disabilities Act

forms. Compl. (*Id.*, PageID #3-4; DN 8, PageID #24). When a hospital administrator determined

that Plaintiff's request did not meet the ADA requirements to wear the N-95 mask at all times, Plaintiff could no longer work in the Surgical Pre-Op Unit at Audubon. (DN 1, PageID # 4). At present, Plaintiff is no longer employed by Norton Healthcare and alleges violations of the Americans with Disabilities Act, 42 U.S.C. §12101, and the Kentucky Civil Rights Act, KRS 344. (DN 1).

## Procedural History

Plaintiff Jerry Perry seeks to compel discovery responses to three interrogatories and two requests for production. Mtn. to Compel (DN 25). This Court entered a scheduling order in this matter on June 11, 2021. (DN 12). The scheduling order deadlines, discovery service dates, and change in counsel are relevant to Plaintiff's motion and Defendant's response. The scheduling order included the following deadlines:

> Initial disclosures (Rule 26(a)(1)): June 21, 2021,
> The Parties' Motions to amend pleadings or join additional parties: July 2, 2021,
> Close of fact discovery: February 1, 2022,
> Plaintiff's experts: February 1, 2022,
> Defendant's experts: March 1, 2022,
> Close of expert discovery: April 1, 2022.

(DN 12, PageID # 35-36).

The parties appeared for telephonic status conferences with this Court on November 15, 2021 (DN 13) and January 10, 2022 (DN 17). The parties jointly filed, and this Court granted, a motion for extension of time in April 2022 (DN 18, 19), resetting the dispositive and *Daubert* motions to August 5, 2022. Defendant Norton Healthcare filed a motion for summary judgment on August 5, 2022 (DN 22). After a telephonic status conference on August 22, 2022, this Court suspended deadlines related to the motion for summary judgment and allowed Plaintiff to file a motion to compel discovery. (DN 24).

Changes in Plaintiff's representation are also relevant to Plaintiff's motion to compel. Counsel Andrew Dutkanych, III filed Plaintiff's Complaint on March 24, 2021 (DN 1), Counsel Devan A. Dannelly entered an appearance for Plaintiff on April 29, 2021 (DN 11), Counsel Lauren E. Berger entered an appearance for Plaintiff on November 30, 2021 (DN 16), and Counsel Taylor J. Ferguson entered an appearance for Plaintiff on July 7, 2022 (DN 21).

## PLAINTIFF'S MOTION TO COMPEL

According to Plaintiff's motion to compel, Plaintiff served an initial set of discovery on September 14, 2021 but received neither a response nor a request for an extension of time until Plaintiff's new counsel, who entered an appearance on November 30, 2021, contacted Defendant in early December. (DN 25, PageID #154-55). Counsel exchanged emails about scheduling a time to discuss the case in December. (DN 25, PageID #155). Plaintiff next notes that Defendant failed to respond to Plaintiff's initial set of discovery by February 1, 2022, the fact discovery deadline, without requesting an extension from Plaintiff or the Court. (DN 25, PageID #155).

Plaintiff sought to depose a Norton Healthcare employee in February 2022 and the parties agreed to an April deposition date. (DN 25, PageID #155-56). When Plaintiff requested the status of Defendant's responses to Plaintiff's initial set of discovery, Defendant responded that it thought it had already responded, and Defendant provided responses to the initial set of discovery the next day. (DN 25, PageID #156-157). That same day, Defendant requested an extension of time on dispositive motions, Plaintiff agreed, and this Court granted the joint motion on April 28. (DN 18, 19).

Plaintiff's current counsel contacted Defendant in July 2022, seeking supplementation of Defendant's responses. (DN 25, PageID #157-58). After a status conference with this Court, Defendant supplemented some responses on September 2, 2022. (DN 25, PageID #159). Plaintiff

now seeks supplementation of Interrogatories Numbers 3, 14, and 15, and Requests for

Production 22 and 26. The interrogatories and requests, along with Defendant's answers and

supplemental answers, are:

> **INTERROGATORY NO. 3**: Please identify each individual who reported to Jared Seth Klockmann between August 1, 2019 and August 31, 2020. A complete answer to this interrogatory shall include the following:
> a) The individual's name, title, date of hire, last known address and telephone number;
> b) Whether the individual identified in subpart (a) is known or considered by Defendant to have a disability;
> c) Whether the individual identified in subpart (a) was requested an accommodation for his/her disability;
> d) Whether the individual identified in subpart (a) has been subject to any disciplinary action, and if so, please describe the circumstances resulting in discipline and the nature of the discipline administered; and
> **ANSWER**: Norton objects to Interrogatory No. 3 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of the case. Norton also objects to this request on the basis it seeks confidential personal and medical information regarding employees other than Plaintiff. Subject to and without waiving these objections or the General Objections above, Norton agrees to supplement its Answer to this Interrogatory should Plaintiff reasonably narrow the scope of her request, and in accordance with the Federal Rules of Civil Procedure and any order issued by the Court.
> **SUPPLEMENTAL ANSWER:** Subject to and without waiving the previously-asserted objections and the General Objections above, Norton directs Plaintiff to Exhibit 1, which contains a list of individuals who reported to Jared Seth Klockmann during the relevant time period. To Norton's knowledge and belief, none of the individuals identified in response to this Interrogatory requested an accommodation related to the use of N-95 masks from Norton during the COVID-19 pandemic at Norton Audubon Hospital.

> **INTERROGATORY NO. 14:** State whether any other employee requested to wear a N-95 face mask, whether that request was granted or denied, and if it was not granted, whether that employee was permitted to continue working for Defendant.
> **ANSWER:** Norton objects to Interrogatory No. 14 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of the case. Subject to and without waiving these objections or the General Objections above, Norton states that Plaintiff was the only employee at Norton Audubon Hospital who made a formal request to wear an N-95 face mask at all times during the work day. Further, Norton states that Plaintiff retired from Norton on August 7, 2020.
> **SUPPLEMENTAL ANSWER:** Subject to and without waiving the previously-asserted objections and the General Objections above, Norton states that Plaintiff was the only employee at Norton Audubon Hospital who requested an accommodation related to the use of N-95 masks from Norton during the COVID-19 pandemic in 2020.

**INTERROGATORY NO. 15:** State whether any employee of Defendant has been permitted to wear an N-95 face mask at work during the time period of March 1, 2020 to the present. If so, please provide the date, the reason(s) the N-95 face mask was permitted, and who made the decision to permit the N-95 face mask.

**ANSWER:** Norton objects to Interrogatory No. 15 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of the case. Norton further objects to Interrogatory No. 15 on the grounds that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to and without waiving this objection or the General Objections above, Norton states that, from March 1, 2020 to Plaintiff's retirement on August 7, 2020, it sought to conserve vital personal protective equipment. As such, Norton restricted the use of N-95 face masks to limited instances only individuals who assisted in aerosolized procedures, of which Plaintiff did not participate or assist with in her role with Norton.

**SUPPLEMENTAL ANSWER:** Subject to and without waiving the previously-asserted objections and the General Objections above, Norton states that between March 1, 2020 and present, and particularly Plaintiff's retirement on August 7, 2020, Norton sought to conserve vital personal protective equipment. As such, Norton restricted the use of N-95 face masks provided by Norton to limited instances including for use by individuals who were assisting in aerosolized procedures.

**REQUEST NO. 22:** Produce any and all emails drafted, sent and/or received by Jared Seth Klockmann, Nicole Yaden, Karen Williams, Tiffany Sorg any member of Defendant's Human Resources Department and/or any individual identified in Defendant's response to Plaintiff's Interrogatory No. 2 that mention Plaintiff, whether it be by name or implication for the time period of August 1, 2019 to the present.

**RESPONSE**: Norton objects to Request No. 22 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of the case. Norton further objects to this Request as it seeks confidential personal and medical information regarding employees other than Plaintiff. Subject to and without waiving these objections or the General Objections above, Norton is also willing to supplement its Response should Plaintiff reasonably narrow or clearly define the scope of her request to identify specific information she believes may be relevant to the subject matter of this litigation.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving the previously-asserted objections and the General Objections above, Norton states that Plaintiff retired from her position with Norton on August 7, 2020. As such, Norton does not have any emails pertaining to discussions of any decisions to terminate Plaintiff from Norton because she voluntarily retired. Notwithstanding, Norton will supplement its Response to this Request as soon as Norton receives relevant emails from Mr. Klockman, Ms. Yaden, Ms. Williams, and Ms. Sorg that concerned Plaintiff's employment with Norton between March 2020 and September 2022.

**REQUEST NO. 26:** Produce any and all employee handbooks, manuals, policies or procedures that Defendant provided or made available to its employees between August 1, 2019 to August 31, 2020.

**RESPONSE:** Subject to and without waiving the General Objections above, Norton does not maintain an Employee Handbook, rather, all of its policies and procedures are available to employees via its intranet. To the extent there are other policies other than those supplied in response to these Requests that Plaintiff believes are relevant to her claims, Norton agrees to work with Plaintiff to identify additional responsive materials.

Pl.'s Mem. of Law in Supp. of Her Disc. Mot. to Compel, (DN 25-1, DN 25-10).

Plaintiff first argues that Defendant waived its objections by failure to object within a thirty-day period. (DN 25-1, PageID #162). Plaintiff notes that fact discovery closed on February 1, 2022, and Defendant provided responses on April 20, 2022. (DN 25-1). Further, Plaintiff claims that its July 7, 2022, request for supplementation was timely. (DN 25-1, PageID #163).

Plaintiff identified Interrogatories Nos. 3, 14, and 15, which seek information about other Norton employees, as in a "comparators" category. (DN 25-1). For Interrogatory No. 3, Plaintiff conceded that she would no longer seek accommodation requests made by and the disciplinary records of individuals supervised by Jared Seth Klockmann (Plaintiff Perry's supervisor) but continued to seek those employees' contact information. (DN 25-1, PageID # 165). Plaintiff seeks supplementation for Interrogatory No. 14, which asks, "State whether any other employee requested to wear a N-95 face mask, whether that request was granted or denied, and if it was not granted, whether that employee was permitted to continue working for Defendant." (DN 25-1, PageID #166). According to Plaintiff, Defendant interpreted "requests" as "formal requests" and "any other employee" as "any other employee at Norton Audubon," rather than any Norton Healthcare employee. *Id.* According to Plaintiff, "there is good cause to apply the request to all of Defendant's locations" rather than "limiting said request to just Defendant's Audubon location." (*Id.*, PageID #168). The final "comparator" interrogatory, No. 15, asks "whether any employee of Defendant has been permitted to wear an N-95 face mask at work during the time

period of March 1, 2020 to the present. If so, please provide the date, the reason(s) the N-95 face mask was permitted, and who made the decision to permit the N-95 face mask." (*Id.*, PageID #169). According to Plaintiff, Defendant limited its response to a period between March and August 2020 and failed to identify the decisionmaker. (*Id.*, PageID #169).

Plaintiff's requests for production seek emails related to Plaintiff's employment and hospital employee policies, No. 22 and 26 respectively. (*Id.*, PageID #170-71). Request No. 22 asks Norton to "[p]roduce any and all emails drafted, sent and/or received by Jared Seth Klockmann, Nicole Yaden, Karen Williams, Tiffany Sorg any member of Defendant's Human Resources Department and/or any individual identified in Defendant's response to Plaintiff's Interrogatory No. 2 that mention Plaintiff, whether it be by name or implication for the time period of August 1, 2019 to the present." *Id.*, PageID #170). Plaintiff argues that Defendant waived any objections because of its untimely response. *Id.* Because Plaintiff concedes that production of policies appears to be moot, Pl.'s Reply to Def.'s Resp. (DN 27, PageID #288), this Court will not address Request No. 26.

## DEFENDANT'S RESPONSE

Defendant's response to Plaintiff's motion to compel discovery argues that Defendant did not waive its objections, Plaintiff's requests for supplementation were untimely, and that its supplementation was adequate. Def.'s Resp. to Pl.'s Mtn. to Compel (DN 26). According to Defendant Norton Healthcare, Defendant requested an informal extension from Plaintiff while both parties agreed to consider a possible settlement agreement. (DN 26, PageID #249-250). Defendant included emails between Plaintiff's first attorney, Devan Dannelly, and Defendant about informally extending Defendant's response time (DN 26, PageID #249, Ex. 1) and noted that Plaintiff's second attorney, Lauren Berger, and Defendant agreed to consider a possible

settlement agreement. (DN 26, PageID #250). Plaintiff's second attorney and Defendant arranged for Plaintiff to depose a Norton employee in April and Defendant provided the answers and responses two days before that deposition deadline. *Id.* Plaintiff's third attorney, Taylor Ferguson, sent Defendant a deficiency letter in July 2022, which Defendant claims "intentionally misconstrues the wording of several Interrogatories and Requests propounded to Norton." (*Id.*, PageID #251).

Defendant Norton claims the answers to Plaintiff's "comparator" interrogatories are adequate because "Norton supplied to Plaintiff a list of the 49 employees who reported to the same supervisor during the requested time period, and further updated its response to state that none of these individuals ever requested the use of an N-95 mask from Norton during the COVID-19 pandemic." (*Id.*, PageID #257-58). Norton agrees to "arrange and assist in the scheduling of any deposition of current (or past) Norton employees; however, Plaintiff has not asked, and Norton cannot agree to disseminate contact information for non-parties to this litigation just because Plaintiff has requested it," particularly because no other employee has been included on a witness list. (*Id.*, PageID #258). Norton claims to have properly responded to Interrogatories Nos. 14 and 15. (*Id.*) when it limited its responses to employees at Norton Audubon Hospital and employed during the period of Plaintiff's employment. (*Id.*, PageID #259-60). According to Norton, the Sixth Circuit limited "comparators" to sharing the same supervisor, subject to the same standards, and engaging in similar conduct without differentiating circumstances. (*Id.*, PageID #260).

With regard to the emails requested in Request No. 22, Norton argues that the request to produce "any and all emails drafted, sent and/or received by [supervisors and the human resources department] that mention Plaintiff, whether it be by name or implication for the time

period of August 1, 2019 to the present," is "overly broad and unduly burdensome," and, in regard to information about Plaintiff's termination, Norton contends that because Plaintiff resigned, the request concerns "something that never happened." (*Id.*, PageID #262). Additionally, according to Norton, communications about Plaintiff's request for an N-95 mask occurred between Plaintiff's physicians and the hospital and were communicated by written letter and previously disclosed. *Id.*

## PLAINTIFF'S REPLY

Plaintiff Perry's reply to Defendant Norton's response again argues that Norton waived the objections due to the untimely responses to Plaintiff's interrogatories, that Plaintiff's request to supplement was timely, and that Norton's responses are insufficient. Pl.'s Reply to Def.'s Resp. (DN 27). Plaintiff argues that "Norton cannot honestly believe it received an indefinite extension of time to respond to discovery." (DN 27, PageID # 283). Plaintiff distinguishes Norton's case law, arguing that "(1) Norton responded after the close of discovery, (2) Norton withheld information based on untimely objections, and (3) the information sought by Perry was readily available but not produced by Norton prior to the close of discovery." (*Id.*, PageID #283).

In her reply, Plaintiff no longer seeks supplementation of Request No. 26, which sought employee handbooks and manuals, but still "requests that the Court order Defendant to produce a complete response to Interrogatory Nos. 3, 14, and 15 and Request No. 22." (*Id.*, PageID # 288). With regard to the "comparator" interrogatories, Nos. 3, 14, and 15, Plaintiff again seeks contact information and cites caselaw distinguishing "employees" from managers and supervisors for the purposes of Ky. SCR 1.130(4.2). (*Id.*, PageID # 285).

Additionally, Plaintiff relied on the Sixth Circuit's comparator analysis in *Bobo v. United Parcel Service, Inc.*, in her argument that "any other employee [who] requested to wear a N-95

face mask," included requests from all employees of Norton Healthcare, rather than those at

Norton Audubon. 665 F.3d 741 (6th Cir. 2012); (*Id.*, PageID #286). With regard to Request No.

22, Plaintiff received documents on September 16, 2022, and Defendant informed Plaintiff that

other emails have been compiled but are in the process of being redacted. (*Id.*, PageID # 288).

## DISCUSSION

Federal Rule of Civil Procedure 26(b) governs the scope of discovery. Rule 26(b)

provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant

to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P.

26(b)(1). In assessing whether the request is "proportional to the needs of the case," courts

should consider "the importance of the issues at stake in the action, the amount in controversy,

the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The Rule also directs that "[i]nformation within this scope of discovery need not be

admissible in evidence to be discoverable." *Id.* The party seeking the discovery must show the

requests are relevant to the claims or defenses in the instant action. *Albritton v. CVS Caremark

Corp.*, 2016 WL 3580790, at *3 (W.D. Ky. June 28, 2016) (citing *United States ex

rel. Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010)). The Sixth

Circuit has noted that "[i]t is well established that the scope of discovery is within the sound

discretion of the trial court." *Pitman v. Experian Info. Sols., Inc*., 901 F.3d 619, 642 (6th Cir.

2018) (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)). A court must, on motion

or on its own, "limit the frequency or extent of discovery otherwise allowed by these rules or by

local rule if it determines that: (i) the discovery sought is unreasonably cumulative or

duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

### *Norton's Untimely Response to Perry's Interrogatories*

Federal Rule of Civil Procedure 33(b)(4) provides that where an objection to a discovery request is untimely, the objection is deemed waived. *Boles v. Aramark Corr. Servs., LLC*, 2018 WL 3854142, at *5 (6th Cir. 2018). The rule also provides that this waiver may be excused where the court finds good cause for the tardy objection. *Id.* When determining whether to excuse the tardy objection, "the Court may 'examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests, to determine whether enforcement of the waiver is equitable.'" *Suri v. Equifax Info. Servs., LLC*, 2022 WL 2610430, at *4 (E.D. Mich. Jul. 8, 2022) (quoting *Carfagno v. Jackson Nat'l Life Ins. Co*., 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001)).

The determination of waiver is within the Court's discretion. *See e.g. Bush v. Dictaphone Corp*., 161 F.3d 363, 367 (6th Cir.1998) (Trial courts have broad discretion to determine the scope of discovery and "'[a]n order denying further discovery will be grounds for reversal only if it was an abuse of discretion resulting in substantial prejudice.'") (quoting *Lewis v. ACB Bus. Servs., Inc*., 135 F.3d 389, 402 (6th Cir.1998)).

Given the confusion about communications and understandings with and between Plaintiff's first, second, and third attorneys, Defendant's explanation, and swift response to Plaintiff's inquiry about the missing responses, its appears that Defendant Norton prepared the

responses and intended to send the responses to Plaintiff. The Court finds no grounds for a waiver of objections under Federal Rule of Civil Procedure 33(b).

### *Plaintiff's Untimely Request for Supplementation*

The Court applies a similar logic with regard to Plaintiff's requests for supplementation. Federal Rule of Civil Procedure 26 also governs supplementation of a party's discovery responses. Fed. R. Civ. P. 26(e). Here, Plaintiff argues that Norton failed to adequately supplement its responses and Defendant argues that Plaintiff's request for supplementation was untimely. Both Defendant's responses and Plaintiff's requests for supplementation were made outside of the traditional response and request timeframe, but neither party has identified, or even claimed prejudice, by the tardy responses and requests. Accordingly, the Court finds no grounds for determining that Plaintiff's requests for supplementation were untimely.

### *Interrogatories Nos. 3, 14, and 15*

Interrogatories Nos. 3, 14, and 15 are the "comparator" requests. The first interrogatory, no. 3, seeks to "identify each individual who reported to Jared Seth Klockmann between August 1, 2019 and August 31, 2020," "the name title, date of hire, last known address and telephone number," "whether the individual is known or considered by Defendant to have disability," if that individual was requested an accommodation for the disability, and if the individual has been subject to a disciplinary action. Norton objected, among other things, that the request "seeks confidential personal and medical information regarding employees other than Plaintiff." In her memorandum of support, Plaintiff conceded "to the production of additional accommodation requests and disciplinary records due to relevancy" (DN 25-1, PageID #165); and "Norton has already agreed to produce the employment files regarding each individual after a confidentiality agreement was entered into, which has occurred (Exhibit C, Request No. 18 & 20). Therefore,

Perry conceded said point as not relevant for her Motion. To date, said information has not been produced." (DN 27, PageID #285, n. 16).

Plaintiff, however, still seeks those employees' contact information. *Id.*, PageID #285). Because a party must provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment," Fed. R. Civ. P. 26(a)(1)(A)(i), and Plaintiff's former coworkers are likely to have discoverable information, Defendant is ordered to supplement the response to Interrogatory 3 with the requested contact information.

The parties dispute whether a "comparator" includes all employees at all Norton hospitals or employees at Norton Audubon Hospital. Plaintiff identified another nurse at a different Norton hospital through a news story Google search and notes that Plaintiff and that nurse were part of a larger "Report Group" called "Norton's Women's and Children's Hospital." (DN 27, PageID # 286-287). Plaintiff relies on *Bobo v. United Parcel Serv., Inc.* to show that employees at other Norton hospitals were "similarly situated" to Plaintiff Perry. 665 F.3d 741, 753 (6th Cir. 2012); (DN 27, PageID # 285-287).

According to the Sixth Circuit, however, when determining if a person is a comparator there are multiple "factors to consider [that] include whether the individuals dealt with the same supervisor, were subject to the same standards and engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Louson v. Ford Motor Co*., 718 F.3d 556, 563 (6th Cir. 2013). The "same supervisor" is not "an inflexible requirement" but instead a court "should make an independent determination as to relevancy of a particular aspect of the plaintiff's employment

status and that of the non-protected plaintiff." *Id*. Additionally, "[t]he determination of whether two employees shared the same supervisor is made on a case-by-case basis and does not depend entirely on whether the two shared the same immediate supervisor." *Barry v. Noble Metal Processing, Inc*., 276 Fed.App'x. 477, 480 (6th Cir. 2008).

Here, Norton answered that "Norton sought to conserve vital personal protective equipment. As such, Norton restricted the use of N-95 face masks provided by Norton to limited instances including for use by individuals who were assisting in aerosolized procedures." Answer to Interrog. No. 15 (DN 25-1, DN 25-10). According to Norton, Plaintiff's "an employee" request would apply to "physicians, janitorial staff, security guards, in-house counsel, executive leadership, administrative assistants, and anyone else who worked at Norton regardless of the location, department, and service line." (DN 26, PageID #260). The Court agrees that "any employee" at "any Norton hospital" as written is beyond the comparator analysis. Because one person at Audubon reviewed Plaintiff's ADA forms, contacted her two recommending physicians, and ultimately rejected her ADA forms, limiting the request to employees at the Audubon location, a location which might have greater or lesser access to N-95 masks than that of other locations, is relevant to the "same standards" and "without differentiating or mitigating circumstances" but broader than only employees who were supervised by Jared Seth Klockmann. Therefore, the Court finds that Norton has provided an adequate response and motion to compel further supplementation to Interrogatory No. 14 is denied.

A similar logic applies to Interrogatory No. 15. Plaintiff asked "whether any employee of Defendant has been permitted to wear an N-95 mask at work during the time period of March 1, 2020 to the present" as well as the date, the reason the mask was permitted, and the person who decided if the requesting employee could wear the N-95 mask. Norton limited its response to the

time period between March 1, 2020 and August 7, 2020, and answered that "Norton restricted the use of N-95 face masks to limited instances only including individuals who assisted in aerosolized procedures, of which Plaintiff did not participate or assist with in her role with Norton." Based on Interrogatory 15's similarity to the information sought in Interrogatory 14 combined with the hospital's general policy to conserve personal protective equipment during the shortage, the Court finds that Norton has provided an adequate response and the motion to compel further supplementation to Interrogatory No. 15 is denied.

According to Plaintiff, Defendant Norton has provided Plaintiff with some of the requested emails and was, at the time of Plaintiff's reply, redacting others to produce to Plaintiff. Emails related to Plaintiff's employment separation from Norton are relevant and discoverable, but it appears that the issue related to Request No. 22 has been resolved, so therefore, the motion to compel further supplementation to Request No. 22 is denied without prejudice.

According to Plaintiff, Defendant Norton indicated that a written policy, as requested, does not exist, so "[i]f Norton indeed does not have a written policy, then Perry concedes that Norton cannot then produce said policy." (DN 27, PageID #288). The Court finds that, upon Plaintiff's concession, this issue is moot.

## CONCLUSION

Plaintiff's motion to compel supplemental responses to Interrogatory 3 is **GRANTED**; Plaintiff's motion to compel responses to Interrogatory Nos. 14 and 15 is **DENIED**; Plaintiff's motion to compel supplemental responses to Request 22 is **denied without prejudice**; and Plaintiff's motion to compel supplemental responses to Request 26 is **denied without prejudice as moot.**

November 15, 2022

**Lanny King, Magistrate Judge**
**United States District Court**